UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID PHIM,<br><br>      Petitioner,<br><br>v.<br><br>DOUGLAS DEMOURA,<br><br>      Respondent. | Civil Action No. 16-11100-LTS<br><br>First Circuit Case No. 18-1329 |

ORDER

April 30, 2018

SOROKIN, D.J.

    Petitioner David Phim has commenced a timely appeal of this Court's denial of his petition for a writ of habeas corpus. With his notice of appeal, he filed an Affidavit in Support of Motion for Permission to Appeal in Forma Pauperis ("Affidavit") (#42). Although Phim failed to file a motion separate from the Affidavit, the Court will construe the Affidavit as incorporating a request for leave to appeal in forma pauperis.

    Phim paid the $5.00 fee to file his habeas petition. In his Affidavit, he reports that he is without funds or assets to pay the heftier appeal fee of $505. Given Phim's incarceration, the assertion is certainly believable.

    However, federal rules require prisoners to file a prison account statement in support of a motion to appeal in forma pauperis. Under the Federal Rules of Appellate Procedure, a person moving for leave to appeal in forma pauperis must attach to his motion an affidavit that, inter alia, "shows in the detail prescribed by Form 4 of the Appendix of Forms [to the Federal Rules of Appellate Procedure] the party's inability to pay or to give security for fees and costs." Fed.

R. App. P. 24(a)(1)(A). This form, which Phim used for his Affidavit, instructs a prisoner appellant to include a six-month prison account statement:

> If you are a prisoner seeking to appeal judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

Affidavit at 2. The prison account statement allows the Court to verify a prisoner's assertion of poverty.[1]

Because Phim has not submitted a six-month prison account statement, the Court must deny the motion to appeal in forma pauperis. Phim may refile his motion to appeal in forma pauperis, with the required six-month prison account statement, with the United States Court of Appeals for the First Circuit. The motion must be filed with the First Circuit within 30 days of

---

[1] Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court also uses the prison account statement to calculate and assess an initial partial filing or appeal fee in a non-habeas action, see 28 U.S.C. § 1915(b)(1), and the Court continues to collect payments from the prisoner until the filing or appeal fee is paid, see 28 U.S.C. § 1915(b)(2). The PLRA does not apply to habeas action. See Martin v. Bissonette, 118 F.3d 871, 874 (1st Cir. 1997). If Phim is allowed to appeal in forma pauperis, he will not be required to pay the appeal fee.

the date this order is served on Phim.[2]

    SO ORDERED.

                                                 /s/ Leo T. Sorokin
                                              UNITED STATES DISTRICT JUDGE

---

[2] The Federal Rules of Appellate Procedure provide, in relevant part:

    (4)    *Notice of District Court's Denial.* The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:
    (A)    denies a motion to proceed on appeal in forma pauperis;
    (B)    certifies that the appeal is not taken in good faith; or
    (C)    finds that the party is not otherwise entitled to proceed in forma pauperis.

    (5)    *Motion in the Court of Appeals.* A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action.

Fed. R. App. P. 24(a).